IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM M. HUGHES,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-913 TS<br>Criminal Case No. 2:15-CR-2 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

Petitioner was charged in a Felony Information on January 6, 2015, with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Petitioner pleaded guilty on February 17, 2015.  Petitioner was sentenced on June 2, 2015, and Judgment was entered on June 5, 2015.  An Amended Judgment was entered on June 12, 2015.  Petitioner mailed the instant Motion to the Court on August 17, 2016.

II.  DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1]  28 U.S.C. § 2255(f) provides,

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

1

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

The Amended Judgment was entered in this case on June 12, 2015.  Petitioner did not file a direct appeal.  Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on June 26, 2015.[3]  Petitioner did not submit his Motion until August 17, 2016, well over the one-year limitations period.

Petitioner argues that his Motion is timely because it rests on newly discovered evidence.  Petitioner does not explain what new facts his claims rest on or when he discovered them.  Moreover, Petitioner's claims are based on alleged defects in the Information and the government's purported lack of standing to bring this action.  Such "facts" would have been discoverable at the outset of the criminal case.

Petitioner further argues that the Judgment is void and that there is no time limit under Federal Rule of Civil Procedure 60(b)(4) for attacking a void judgment.  Petitioner fails to adequately explain how the Judgment is void.  Presumably, Petitioner is relying on his claim that

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen day appeal period in criminal cases).

the Information was defective and that the government lacked standing. These arguments lack merit. The Information complied with the requirements of Federal Rule of Criminal Procedure 7(c) and the government had standing to pursue the underlying criminal case. Therefore, Rule 60(b)(4) does not save his untimely claims.

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-913 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-913 TS forthwith.

DATED this 7th day of September, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge