IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HUGHES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br><br>Case No. 2:16-CV-913 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Reconsideration. For the reasons discussed below, the Court will deny Petitioner's Motion to the extent that it is a true motion for reconsideration and dismiss for lack of jurisdiction the remainder of Petitioner's Motion.

I.  BACKGROUND

Petitioner was charged in a Felony Information on January 6, 2015, with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Petitioner pleaded guilty on February 17, 2015. Petitioner was sentenced on June 2, 2015, and Judgment was entered on June 5, 2015. An Amended Judgment was entered on June 12, 2015.

Petitioner filed a motion under 28 U.S.C. § 2255 on August 22, 2016. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court reviewed the motion and found that Petitioner was not entitled to relief. The Court denied Petitioner's Motion on September 7, 2016.

## II.  DISCUSSION

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1]  Rule 59(e) motions are subject to the same analysis.[2]  The Court must first determine whether the motion is a true Rule 59(e) motion or a second or successive petition.[3]

> If the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[4]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[5]

> Conversely, it is a "true" [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[6]

Under this analysis, the Court finds that Petitioner's Motion for Reconsideration has elements of both a true motion and a second or successive petition.  Petitioner's Motion is a true motion to the extent that it challenges the Court's prior ruling on procedural issues.  Petitioner does so by pointing out that the Court denied his motion rather than dismissing it.  Thus,

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[3] *Spitznas*, 464 F.3d at 1216.

[4] *Id.* at 1217.

[5] *Id.* at 1215.

[6] *Id.* at 1215–16 (citation omitted).

Petitioner argues the Court should have served his § 2255 motion on the government to file a response and hold a hearing.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides the procedure for the Court to follow in examining a § 2255 motion.

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Petitioner argues that since the Court denied his § 2255 motion, rather than dismiss it, the Court was required to have the government answer and hold a hearing on the motion. The Court disagrees. While it is true that the Court denied the § 2255 motion instead of dismissing it, this slight divergence from the language used in the Rules Governing Section 2255 Proceedings is irrelevant. The Court clearly determined that Petitioner was not entitled to relief and directed the Clerk to close the case. This is sufficient under Rule 4(b). To clarify any potential misunderstanding, the Court makes clear that Petitioner's § 2255 motion was and is dismissed.

Petitioner also challenges the Court's ruling on the merits and reasserts his underlying claims. The Court construes this portion of Petitioner's Motion as a second or successive § 2255 motion since it reasserts a federal basis for relief from the underlying conviction. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[7] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required

---

[7] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

authorization."[8]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[9]

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[10]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion. As explained previously, Petitioner's claims are time barred and lack merit.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reconsideration (Docket No. 3) is is DENIED and DISMISSED FOR LACK OF JURISDICTION.

DATED this 13th day of October, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] *Id.* at 1251.

[9] *See* 28 U.S.C. § 1631.

[10] *In re Cline*, 531 F.3d at 1251.

4